**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| MICHAEL LOWE and ARMINTA JEFFRYES | § § § | CIVIL ACTION NO |
| v. | § § | |
| | § | . |
| SEBASTIAN PERON, Individually, | § | 4:22-cv-78 |
| POLICE OFFICER DOES 1-5, Individually; | § | |
| SHAREN WILSON, Individually; JERRY | § | |
| JONES, Individually and in his Official | § | |
| Capacity, and the CITY OF ARLINGTON, TEXAS | § § | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiffs, Michael Lowe and Arminta Jeffryes and complains against

the Defendants, Officer Sebastiam Peron, Police Officer Does 1-5, individually Sharen Wilson,

individually, and the City of Arlington, Texas, and for cause would show the court as follows:

## NATURE OF THE ACTION

1.      This is an action brought by the Plaintiffs against The City of Arlington, Texas for

False Arrest, and Malicious Prosecution, Jerry Jones for Malicious Prosecution, and Police Officer

Does 1-5, individually for false arrest, malicious prosecution, intentional infliction of emotional

distress, resulting in injuries to the Plaintiffs, under the color of law, in violation of Plainitffs'

individual rights under the First, Second, Fourth and Fourteenth Amendments of the United States

Constitution, and in violation of their civil rights pursuant to 42 U.S.C. § 1983.

2.      Plaintiffs alleges Arlington City Charter provides that the Arlington City Council

is responsible for setting all city policies, unless otherwise delegated. Arlington is a "Council-

manager" government.

> The municipal government provided by this Charter shall be known as the
> "Council-Manager" government. Pursuant to the provisions of, and subject only to
> the limitations imposed by the State Constitution, the State laws and this Charter,
> all powers of the municipal government shall be vested in an elected governing

body to be known as the "City Council". (Arlington City Charter, Article IV, Section 1).

3.      The Arlington City Council is the decision-maker and policymaker for the customs, practices, policies and procedures complained of herein. Arlington City Council had a duty, but failed, to implement and/or enforce policies, practices, procedures, and to ensure adequate training, supervision, and discipline with respect to compliance with these policies for Arlington Police Department.

4.      The Defendant, City of Arlington and Arlington City Council's failure to develop and implement the necessary policies and the resultant *de facto* policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of Plaintiffs's rights under the Fourth and Fourteenth Amendments and caused his unwarranted and excruciating physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Plaintiffs seeks answers and compensation for his damages.

## **PARTIES**

1.      Plaintiff Michael Lowe is a citizen of the United States and is a resident of California.

2.      Plaintiff, Arminta Jeffryes is a citizen of the United States and is a resident of California.

3.      Defendant, the City of Arlington, is a municipality located in Tarrant County, Texas. The City of Arlington funds and operates the Arlington Police Department (APD). The APD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Arlington. The City of Arlington may be served with citation herein by and through its City Secretary, at 101 W. Abram St., 3rd floor, Arlington, Texas 76010.

4.      Defendant, Sebastian Peron, upon information and belief, is a commissioned peace officer duly appointed by City of Arlington and may be served at his place of employment at 620 W Division Street, Arlington, Texas 76011.

5.      Defendants, Police Officer Does 1-5 are other officers present on the scene of the incident. Upon information and belief, Police Officer Does 1-5, and at all times material herein were police officers acting in the course and scope of their employment for the City of Arlington Police Department. They will be identified during discovery and added as named defendants as soon as their identities are known.

6.      Jerral "Jerry" Jones is owner of the Dallas Cowboys and manages AT&T Staduim.

## JURISDICTION AND VENUE

7.      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42

U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiffs by constitutional and statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

8.      Venue is proper in this court because the causes of action occurred within the Northern District of Texas, Fort Worth Division.

## STATE ACTION

9.      To the extent applicable, Defendants Police Officer Does 1-5 and Officer Sebastian Peron (collectively "Defendant Officers") at all times material herein, were

commissioned peace officers acting in the course and scope of their employment for the City. They were acting under color of state law when they subjected Plaintiffs to the wrongs and injuries hereinafter set forth.

## **FACTS**

10.     On September 1, 2018, Arlington police officer, Bau Tran, shot and killed O'Shea Terry, an unarmed black man, during a traffic stop.

11.     On September 6, 2018, a Dallas police officer killed Bothem Jean, an unarmed black man, in his home.

12.     On September 16, 2018, Plaintiffs participated in a scheduled rally/protest in response to the police killings of both unarmed black men.  The rally/protest began at the AT&T Stadium, home of the Dallas Cowboys.

13.     Plaintiffs marched to the Cowboys' Stadium with a large group during which a few Protesters locked arms at the gate without impeding entry into the stadium.

14.     The protest continued down the street to an intersection.  At the intersection the Plaintiffs began to march around the intersection obeying the traffic signals without impeding traffic. They marched around the block several times.

15.     The protesters were saying a prayer during a red light, Defendant Officers swarmed the scene and accosted Plaintiff Jeffryes.  An Arlington Police officer grabbed her and violently threw her to the ground injuring her.  Then the Arlington Police Officer put his knee in her back.  And twisted her arm into handcuffs causing her pain.

16.     Defendant Officers also grabbed Plaintiff Lowe arrested him. During this time, both Plaintiffs were physically restrained and unable to leave. They were subsequently transported the Tarrant County Jail along with seven other protesters.

17.     Plaintiffs were charges with impeding a public roadway and impeding an emergency vehicle.  They remained in jail for two days before bond was set.  They were both eventually released on their own recognizance.

18.     Upon information and belief, Defendants furnished false information to Tarrant County District Attorney's office to prosecute Plaintiffs on their fabricated charges.

19.     Plaintiffs went to jury trial on the bogus criminal charges on January 28, 2021. They were acquitted of all charges.

## FALSE ARREST
### COUNT I – 42 U.S.C. § 1983

20.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

21.     Plaintiffs would show that Defendant Officer's arrest and detention of Plaintiffs were objectively unreasonable and performed in bad faith in that they detained Plaintiffs without probable cause.

22.     Plaintiffs did not commit any crimes as the evidence proved during trial.

23.     Plaintiffs were arrested for simply exercising their First Amendment rights to protest.

24.     Defendant Officers detained Plaintiffs by handcuffing them, placing them in a police vehicle, and locking them in jail cells.

25.     Plaintiffs will further show that they suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law. Plaintiffs will show that Defendant Officers were acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force and denial of due process as authorized and/or ratified by the City at the time of the incident. Plaintiffs would

additionally show that such wrongful arrests were done in violation of Plaintiffs' rights under the First and Fourth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs have suffered damages within the jurisdictional limits of this court as a result of the violations of their rights.

26.    Defendant Officers were acting under the color of law when they deprived Plaintiffs  of their constitutional right to be free from unlawful detention/false arrest.

27.    The charges filed against Plaintiffs were not sustained.

28.    As a direct cause and result of the Constitutional violations by the City as set forth herein, Plaintiffs incurred pain and injuries for which they seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**EXCESSIVE FORCE**
**COUNT I – 42 U.S.C. § 1983**

29.    Plaintiffs incorporate by reference paragraphs above as if fully set forth herein.

30.    Plaintiff Jeffryes will show that Defendant Officers' actions on the occasion in question were wrongful and constituted gross negligence in depriving her of her constitutional rights, as alleged more fully below.

31.     Jeffryes would show that at all times material hereto, Defendant Officers had a duty to avoid infliction of unjustified bodily injury and to protect her bodily integrity and to not trample on her constitutional rights.

32.    Jeffryes would show that Defendant Officers failed to act as a reasonable police officer would have acted in the same or similar circumstances. That is, Defendant Officers, without lawful justification and in the absence of any threat whatsoever to their personal safety or that Jeffryes was at any time resisting a lawful arrest or detention, assaulted Jeffryes and used excessive force as described above and injured Jeffryes without probable cause and/or legal justification.

Jeffryes never committed a crime nor did she made any threatening gestures towards the Defendant Officers.

33.     Defendant Officers' actions were not objectively reasonable because he followed a procedure designed to inflict excessive force on a non-threatening victim.

34.     Jeffryes would further show that Defendant Officers were acting within the custom, policy, practice and/or procedures of the Defendant City in regard to deprivation of due process and the use of excessive force as authorized and/or ratified Defendant City at the time of the incident.

35.     The force used by the Defendant Officers was unnecessary and unreasonable under the circumstances, as Jeffryes did nothing to require the use of such excessive force.

36.     Plaintiff would further show that as a result of these violations of Jeffryes' rights, Plaintiff has suffered damages within the jurisdictional limits of this court.

### CITY OF ARLINGTON FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE COUNT II- 42 U.S.C. § 1983

37.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

38.     Defendant Officers, acting under color of law and acting pursuant to customs, practices and policies of The City of Arlington and APD in regards to unlawful detention/false arrest, as authorized and/or ratified by the City, deprived Plaintiffs of rights and privileges secured to them by the First, Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

39.     By failing to provide proper training in the elements of criminal charges including impeding a public roadway, the APD and City exhibited deliberate indifference to an

obvious need for training.

40.     With respect to the claims made the basis of this lawsuit, the City's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

41.     Defendant City of Arlington and APD under the direction of the Arlington City Council developed and maintained a policy of deficient training of its police force in understanding the elements of criminal charges and First Amendment rights.

42.     Any reasonably trained officer would not take a person into custody without probably cause that they were committing a crime or what crime they were suspected of committing.

43.     The City and APD's failure to provide adequate training to its police officers regarding elements of criminal charges and First and Fourth Amendment rights reflects deliberate indifference by of the City and reckless and conscious disregard for the obvious risk that officers would unconstitutionally arrest and detain citizens and violate First and Fourth Amendment rights made the violations of Plaintiffs' constitutional rights, a reasonable probability.

44.     Plaintiffs would show that Defendant Officers' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

45.     Upon information and belief, Defendant City, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiffs failed to implement the policies, procedures; and practices necessary to provide

constitutionally adequate protection to Plaintiffs and implemented policies, procedures, and practices which were the moving force behind the violation of his constitutional rights.

46.     For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Plaintiffs' constitutional rights:

      a.     The City's failure to adequately train its officers on the Texas criminal code elements of charges and First and Fourth Amendment rights;

      b.     APD's failure to properly supervise Defendant Officers to assure that they did not violate citizens' rights.

      c.     APD's failure to discipline or terminate officers for non-compliance with policy;

47.     The City of Arlington also had a duty to properly supervise its police officers to assure that they comply with the law and do not violate citizen rights.

48.     Defendant failed to properly supervise its officers.

49.     In fact, upon information and belief, Plaintiffs was arrested at the request of the Chief of Police.  Instead of supervising and assuring that his officers did not violate citizens' rights, the Arlington Chief of police encouraged the violations.

50.     The City's failure to properly train/supervise/discipline its police officers regarding the elements of criminal charges and First and Fourth Amendment rights was the proximate cause of the violations of Plaintiffs' constitutional rights.

## MALICIOUS PROSECUTION
## COUNT III- 42 U.S.C. § 1983

51.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

52.     Defendants caused criminal charges to be brought against Plaintiffs without probable cause and with malice.

53.     Plaintiffs would show that Defendant Officer's arrest and detention of Plaintiffs were objectively unreasonable and performed in bad faith in that they provided evidence to the Tarrant County District Attorney to prosecute Plaintiffs with no probable cause and utilizing altered evidence.

54.     Plaintiffs did not commit a crime as the evidence showed during trial. Plaintiffs would further show that he has suffered damages within the jurisdictional limits of this court as a result of the prosecution and that such arrest was done under color of law.

55.     Plaintiffs would show that Defendants were acting with malice in pursuing prosecution. Defendant City employees testified that their venue suffered a loss of revenue due to the Plaintiffs' arrest during the concert.

56.     Ultimately, charges against Plaintiffs were not sustained. They were acquitted on all charges.

57.     As a direct cause and result of the actions by the City as set forth herein, Plaintiffs incurred significant legal expenses in defending two separate trials, and other injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## MALICIOUS PROSECUTION
### COUNT IV
**(Texas State Law Claim Against Defendant Officers and Jerry Jones)**

58.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

59.     Defendant Officers maliciously initiated and caused prosecution of Plaintiffs with absolutely no probable cause to do so.

60.     Upon information and belief, Jerry Jones, who was repeatedly documented as being very vocally opposing the protests, facilitated and promoted the malicious arrest and

prosecution of Plaintiffs.

61.     The criminal prosecution terminated in favor of Plaintiffs. Plaintiffs were acquitted on

all charges. Plaintiffs suffered substantial injury for which they request award of the following damages:

      a.     Emotional distress and mental anguish

      b.     Damage to reputation

      c.     Loss of earnings

## NEGLIGENCE
## COUNT IV

62.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth
herein.

63.     Defendant Officers owed a duty to Plaintiffs to not cause harm to their person
or infringe upon their liberties.

64.     Defendant Officers breached their duty of care to Plaintiffs.

65.     Defendant Officers unlawfully violated Plaintiffs' First and Fourth Amendment
Rights.

66.     Defendant Officers were negligent in their arrest of Plaintiffs.

67.     As a result of Defendant Officers' actions, Plaintiffs suffered physical,
psychological, and emotional injuries.

68.     As a direct cause and result of Defendant Officers' actions as set forth herein,
Plaintiffs incurred injuries for which they seek compensation as set forth more specifically in
the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
## COUNT V

69.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth
herein.

70.     Defendant Officers had a duty to employ only reasonable measures in the

treatment of Plaintiffs.

71.     Notwithstanding said duties, Defendant Officers acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evidence of conscious disregard for the safety of Plaintiffs.

72.     As a direct and proximate result of the actions of Defendant Officers, Plaintiffs suffered pain and suffering, mental anguish and severe emotional distress.

73.     Defendant Officers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiffs to suffer extreme and severe mental and emotional distress, agony and anxiety.

74.     Defendant Officers aggressively attacking and wrangling a firearm away from its lawful owner in violation of his Second Amendment rights offends generally accepted standards of decency and morality.

75.     Plaintiffs posed no threat or caused any alarm. Thus, they knew or should have known that they had no right whatsoever perform any action with respect to Plaintiffs. Defendant Officers nonetheless unlawfully arrested Plaintiffs.

76.     As a direct cause and result of the actions of Defendant Officers as set forth herein, Plaintiffs incurred anguish and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
### COUNT VI

77.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

78.     Alternatively, Defendant Officers intentionally and without consent placed Plaintiffs in apprehension of imminent harmful contact and caused harmful bodily contact.

79.     Defendant Officers pinned Plaintiffs and put them in handcuffs.

80.     As a direct cause and result of the Constitutional violations by the City of Arlington as set forth herein, Plaintiffs incurred extreme anguish and injuries for which they seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
**COUNT VII**

81.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

82.     Defendant Officers' conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Plaintiffs. Defendant Officers knew or should have known that such conduct would subject Plaintiffs to sever emotional distress.

83.     Defendant Officers' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

84.     Defendant Officers accosted and arrested law-abiding citizens for simply exercising their First Amendment rights.

85.     Defendant Officers' conduct proximately caused Plaintiffs damages in that it caused them to suffer severe emotional distress. In particular, Defendant Officers' conduct was the direct and proximate cause of severe mental pain and anguish.

86.     Plaintiffs spent 3 days in jail away from their toddler son.  They spent years and countless hours going through the trial process.

87.     Plaintiff Jeffryes had to endure a high risk pregnancy throughout the course of the trial.

88.     Plaintiffs' emotional distress has been severe that they have suffered from PTSD, anxiety, depression, loss of sleep, and loss of appetite.

89.     In addition to severe emotional distress, Plaintiffs have suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, Plaintiffs will continue to suffer this mental pain and anguish for a long time in the future.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

90.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

91.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiffs:

>    a.   Actual damages;
>
>    b.   Pain and suffering and mental anguish suffered by Plaintiffs;
>
>    c.   Loss of quality of life;
>
>    d.   Where applicable, exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;
>
>    e.   Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiffs should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;
>
>    f.   Prejudgment interest; and
>
>    g.   Post judgment interest.

92.     Plaintiffs seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### COUNT IX

93.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

94.     Additionally, and in the alternative, the conduct of Defendant Officers were

done with malice.

95.    As such, Plaintiffs requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs requests punitive and exemplary damages are awarded against Defendant Officers in a sum which is within the

jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

96.    Plaintiffs incorporate by reference paragraphs above as if fully set forth herein.

Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiffs requests the Court to award costs and attorney fees incurred in Plaintiffs' prosecution of this litigation.

## CONDITIONS PRECEDENT

97.    Plaintiffs reserves their rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs' recovery have been performed or have occurred.

## TRIAL BY JURY

98.    Plaintiffs have paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate;

interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

 /s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
11450 U.S. Highway 380
Cross Roads, Texas 76227
(214) 702-2551 (phone)
(214) 602-5342 (fax)
kcole@kcolelaw.com
**ATTORNEY FOR PLAINTIFFS**